And if you're ready, we'll proceed. Mr. Navar, Navar, how do you pronounce that? I'm not sure. Navar, your honor. You have, you have 16 minutes of argument, your first argument, and four minutes on. Is that right? Yes, sir. Yes, it is. Okay, proceed. Okay, thank you, your honors, and may it please the court. This case raises timeliness issues regarding Zimmerman's two fee requests, one for trial fees and one for appellate fees. And of course, the city of Austin has raised a jurisdictional argument in this court. So I'll address that first, and then I'll move on to address separately the the trial fees and appellate fees timeliness questions. So first, as a jurisdiction, a fee request under Section 1988 is a collateral matter, and the court's ancillary jurisdiction is firmly established over such collateral matters. This is clear from the Supreme Court's decision in Sprague and White. And that that principle is recognized many times by this court, including in the Cruz versus Hawk case in 1985, where the court directly said there's no jurisdictional time limit to filing a collateral fee request in the district court. And that that was also reiterated by this court in 2007 in the Ratliff decision, which which made specific mention of an example of a fee request under Section 1988 as one that is not limited by a jurisdictional time limit. So it's also clear that from this authority that a remand from the Court of Appeals is not necessary as a prerequisite for the district court to consider the fee request. And in this case, as the as the panel opinion in the merits panel establishes, the issue of fees was not raised in the district court at the time of the appeal. It was not an issue in the appeal, and so no remand, no mention of the remand of the fee issue for remand was necessary. And this court's decision that's that's Sprague is dispositive on this issue. At page 168 and 69, and that's cited in Zimmerman's reply brief at page seven. Also, this court's decision in United Industries versus Simon Hartley in 1996, which which notably was issued after Rule 54 reiterates that point and says, you know, no issue of fees was an issue in the in the appeal and and therefore it was not necessary to mention the fee issue on remand. And because it's a collateral matter, there's no jurisdictional, the district court has jurisdiction to consider it. So it's absolutely clear that the timeliness of the fee request is not a jurisdictional question. It's a rules based question. Austin devotes most of its brief to to the jurisdictional challenge, but that shouldn't detain us long because, as I've argued in the reply, the the jurisdiction is clear under these authorities and the premise and Austin's entire jurisdictional argument is is is erroneous because it conflates collateral matter jurisdiction at issue here with with collateral with ancillary jurisdiction over non federal claims. And so I'll be happy to address any questions about jurisdiction that the court has, but because I believe it's clear if there are no questions, I'll move on to discuss timeliness under the rules. OK, so as the request for appellate fees, Zimmerman was not required to file a prospective estimated appellate fee request before the appeal even commence and to hold against Zimmerman on this point would require this court not only to extend and misread the text of Rule 54 D2 and and and Rule 54 more broadly in its context, but also would require the court to ignore the plaintiff's request. Requirements of the local rule of the Western District of Texas, which Austin selectively relies on. So and first, of course, we have to remember that this appeal arises from the Western District of Texas, which has a local rule that Austin has entirely ignored in its arguments. And Zimmerman has pointed to the specific requirements for documentation and, you know, essentially the time records of time actually expended, which are required under the local rule ever since Zimmerman objected to the magistrates surprise ruling on this denying appellate fees and our objections in the district court. We've cited those aspects of the local rule. And from that day to this day, Austin has still not even acknowledged that those exist. So local rule CV7J1 says that the fee motion and I'll read part of it because this language is again, it's important. It's dispositive of this issue and Austin does not acknowledge it in its briefs. The CV7J1 says the fee motion shall include a supporting document organized chronologically by activity or project listing the attorney name, date and hours expended on the particular activity or project. And then it goes on to require a positive affirmation under oath that quote the hours expended were actually expended and were reasonable. So, and if you read the entirety of the local rule on fees, there is no exception provided for an estimated fee request. And so in order to rule against Zimmerman and hold that that rule requires an estimated prospective appellate fee request before the appeal is even commenced, you would have to ignore that particular part of the local rule. Well, counsel, you have a decision by the district judge not to allow it. All this local rule you're talking about says that the court has discretion, whether that's valid or not under 54, rule 54D is not really before us. The judge just didn't exercise his discretion. Isn't that where we are? Well, no, your honor. And I think we have to because we have to distinguish clearly between the timeliness of the trial fee request and the timeliness of the appellate fee request. And the whole premise of the district courts, the district court and Austin in this case, both begin with the premise that rule 54D that that 14 day deadline applies to the appellate fee request. And my point is that and I haven't gotten to the text, the textual aspects of rule 54. They're in my brief, but but so far I've discussed the local rule. But if you read the local rule, any litigant, any attorney who reads the local rule and reads that requirement for the time expended, actually expended, and it actually requires you at the time you file the motion to file your time sheets, there's no way you can do that. It doesn't it doesn't allow for an estimated fee request. So your point, I think, if I understand it, is it's sort of a heads I win, tails you lose proposition. You've got to do it 14 days after judgment. You're clearly past that. But you can't do it because you have to be it has to be fees in the past, not in the future. So it's sort of an impossibility situation. Well, exactly. That's and that's that's what I was going to conclude this point on. So here's a question, though. Is there anything that would prevent you from filing a motion now in our courts for fees? To be clear, I'm referring only to appellate fees here. Well, no, Judge Owen, and I've alluded to that in my opening brief. In the summary of the argument, I noted that fact that there is no circuit rule. As you know, contrary to a lot of other circuits, there is no circuit deadline on an appellate fee request filed in the Court of Appeals. And so Zimmerman can still do that. And and the court can impose, you know, other than the reasonable diligence and standard that applied before the rules were enacted. So you haven't filed such a motion in our court yet? We have not. That's right. And but there's no but you're ready to do so. I could certainly do so. And but I think that's that's not in your court's interest or in anybody's interest. And so I think we can and Zimmerman will do that if if the if the ruling of this court is that somehow Rule 54 and the local rule, despite their language, required some sort of prospective fee request that's actually not allowed under the local rules. Well, we need to follow the rules. And it seems to me that the district courts rules, both the FRCP and the local rule, do put you in a bind. But it's not an impossible bind in the sense that you can seek fees from us. And we can we can always remand it back to the district court at that point, as we've done in the past. That's right. And as other courts have recognized, like the Eighth Circuit and the decision I cited in the opening brief, for example, there are many examples, but that's one example I quoted at length. They determine the Eighth Circuit has actually a deadline for fees motions filed in the Court of Appeals. And the party didn't follow that they went ahead and filed in the district court. But because the district court and the Court of Appeals have concurrent jurisdiction over this either the fee motion can be filed and decided by either court. And so, so if it's denied in the district court, if the district court didn't have, you know, the ability to determine appellate fees, there's no deadline and Zimmerman can still file in this court. But again, just to conclude that point, Your Honor, you're right. We're, it's, there's no way to win under the way Austin wants to read this rule, because it would require Zimmerman to file a fee request that at a time at which you can't meet the requirements of the local rule at the time you file it. And you can't read the local rule to require the filing of a motion that by definition cannot meet the requirements for the motion, which you're essentially saying is the district court rules might as well say you're not allowed to seek appellate fees in our court. And but the thing is, if that's what the rules say, then that's what the rules say you do. I think it may potentially have a different option, which is to file in our court. Well, that right. That is another way to state my point that the local rule. Let me ask this. I'm trying to ask this question. Excuse me. It seems to me all that's going on here is if you have a local rule that deals with filing for fees on the district court and the district court fees within 14 days of judgment, and you can meet that deadline. And I think as your conversation with Judge Ho was showing, you really can't do that with appellate fees. But the way to do that, regardless of whether it somehow is recognized in the district court rules, you really can't do that in district court, but you're not prohibited. You file up here and we're going to send it back to the district court. We don't like to get into fact finding. Seems to me it's actually a fairly reasonable way to proceed because any kind of prediction and just recorded what the fees would be would not be all that meaningful. And you can have an actual fairly rigorous review of actual billings by the time you finish up here. So what's then you get into whether you needed earlier to have filed or whether you can file now in the appellate court. That's a different issue. But isn't that a process that fully covers your interest? Well, Your Honor, it does. There's no question that the Court of Appeals has the authority to entertain those fee requests. And so Zimmerman could could have followed one earlier. It could still file one. And if we had taken that after the completion of the earlier appeal and remanded that for determination, the local rules and district court wouldn't prevent them from district judge from considering that we would have ordered them the district court to consider that. Well, that's right. Well, that's right. And that's and I think Your Honor is getting to the point to say that's right. If I if Zimmerman does follow the request in the Court of Appeals, it doesn't mean the Court of Appeals has to determine the factual, you know, reasonableness of the fees and the hours expended, you would most likely remand it. But and then the district court unquestionably could could. So where are we since you haven't didn't do that in the initial appeal? Let's say that is the process we have to decide. No bar from having done this earlier in the district court before appealing. When you got here, though, you didn't file that. So what's your argument that you can still do it? Well, because there's there is no there's no deadline in the rules. The Fifth Circuit, unlike several other circuits, has not adopted a deadline for those fee requests, even though there is a specific deadline for cost requests, which are which are different, of course. And so and especially when you look at rule of appellate procedure 47 B, the circuit could not impose a deadline retroactively on on us on a on a fee request in a way that would prejudice my client. And so your point is that the rule is reasonable diligence. Right. The rule is reasonable diligence. And and at the time, your point essentially that you were waiting for the petition process to to complete. Having done so, you then immediately sought these fees. And therefore, is that is that your theory that now you're diligent because of that? Well, yes, your honor. And in fact, before the cert certs, the cert phase of this case ended because Austin raised this issue in their in their brief in the Court of Appeals, that that's when I was alerted to this issue. And so we within 14 days after this court issued its mandate in the merits appeal in this case, we filed a joint motion to defer the fee issue. So if even if Austin comes now at this point and says, well, you didn't it's too late to file in the Court of Appeals. Number one, that's wrong because there is no deadline. And under the cases I've cited, the court can impose one retroactively. It can adopt a rule, but it can't retroactively impose one now other than the reasonable diligence standard. But aside from that, we did we did move within 14 days after the mandate was issued for in the district court to defer these fee issues until the the Supreme Court phase was ended. And I would know that. Let me ask you about that again. If the district judge hasn't been sent the issue by us, you don't have a judgment in district court 14 days thereafter that deadline to a file because there's no new judgment. This isn't the real process that if that if you can't get it reasonably considered in the district court because of the local rule and because of 54 day that the reasonable time applies to when you file here and whether that that reasonable time calendar at least applies during the initial appeal and the cert process. And when cert was over, it seems to me at least one argument would be that you needed to file here and not go back to district court and reach some agreement with your friend on the city, but instead come here because the district court hasn't been given that determination by us on appellate fees. Well, again, Judge Southwick, I would I would just refer you again to page 168 169 of Sprague, which is which is dispositive on this issue that if because the appellate fee issue was not an issue in the appeal, it need not have been discussed in the mandate. The district courts a collateral matter the district court still has jurisdiction over it without regard to the mandate, because it wasn't an issue in this appeal and the appellate opinion the merits appeal says that says that it was not an issue. And and so it's not an issue because you didn't make it an issue. Well, that's right, Your Honor. And by definition, then the it was not required to be included in the mandate because it was not an issue within this court's jurisdiction on the merits appeal, because we hadn't moved for it. And, and I think to, you know, Zimmerman tried to make a try to. It makes more sense as you've alluded Your Honor to to let the district court deal with all this. And while while Zimmerman's, you know, counsel I made a mistake with respect to the timeliness of the trial fee request. That is not the case with the appellate fee request, but the whole while I was trying to avoid, you know, the complicated kind of fee splitting that's required in a case like this with a partial victory for civil rights plaintiff, where all provisions were at issue on the appeal. And then after that phase was over, you know, let the district court splice out the time that was compensable. Is your point with this joint motion, where everybody agrees to postpone discussion of fees. I take it what you're essentially saying is, it's kind of awkward for the city of Austin to now complain that you weren't diligent, given that they agreed to postpone. Well, well that's right I mean it's not all type theory. Yes, Your Honor, they, they, number one, it. Yeah, sort of a stop all kind of kind of issue is there but also it reflects that Austin has not argued any prejudice in fact they agreed to defer the issue it just makes more sense in a case like this to degree to defer the complicated kind of time when, with respect to a felt appellate fees, there is no rules based deadline. I think your point is, you know, in the rare circumstance of the Supreme Court granted assert petition, then you'll have more appellate fees and you might as well just have one application rather than multiple applications. Well sure and that's how other parties have proceeded that's been alluded to another like in the Eighth Circuit opinion cited in my opening brief. But you know, on the appeals Zimmerman could have could have lost the issues he won below he could have won more issues mean that the time splitting could have been materially different. And the Court of Appeals ended up affirming the district court judgment but it didn't have to go down that way. So, you know, that's a complicated fee application. And, and so, you know, we, the intent was to handle it in the district court. Okay, thank you. Can you hear me. Yes. Okay, sorry. Yes. Let me address the discussion, it was primarily Judge Southwick and Judge Ho having discussion about the way the appellate fees work. First rule 54. The two, there's some sub part that I don't remember. Specifically says sub part three. BD2B3 says that in the appellate, within the 14 day deadline you have to file for fees in the district court after the judgment. It says you have to state the amount sought or provide a fair estimate of it. So, in terms of just the appellate fees, there can be provided to the court a fair estimate of the appellate fees in the unlike in the event you have that issue raised in appeal, and you have to brief it, you can provide a fair estimate. You can also read your friend on the other side is going to say, that's a, that's conflicted by the local rule. Well, I don't, I don't think it is I don't have the local rule in front of me, Your Honor, frankly. But there's nothing in the local rule that says you can't provide a fair estimate of appellate fees, frankly, I think the, the local rule is looking primarily at the issue of fees in the trial court, when it's talking about it, I just don't have it right in front of me, I apologize. But, but the, but the local rule cannot contradict being conflict with the rule 54. Anyway, and rule 54 allows you to provide a fair estimate. He didn't do that, Mr. Zimmerman did not do that he took him two years to file any fee request. Now let's look at the question of could he have asked this court at some point for appellate fees. He could have made, I think it would be helpful in a way for the court to provide some guidelines on this because it's a little confusing about how to do it. If, if you are holding somebody to what rule 54 D says which says after the judgment which is referring to the district court judgment and there's only one in this case, if you aren't going to hold the hold of Mr Zimmerman to that provision and the 14 day deadline for providing fair estimate, and instead say you can ask separately at this court's level for Fifth Circuit appellate fees. He did not do that he is too late to do that. He had an opportunity, assuming that is a possibility in the first the merit what I'll call the merits appeal and in fact he specifically asked this court to remand the issue of fees that was one of his specific request in his opening brief, he asked that these, the question of appellate fees or fees rather be remanded. This court declined to do that. It didn't, it specifically said it was not remanding the issue of fees because he hadn't even raised it at the district court level, and he said the court said we're not remanded court issued its judgment. After the merits ruling at the Fifth Circuit level, and it issued his judgment, and within 14 days, Mr Zimmerman did not ask this court for fees made no request. If the court is going to adopt something along the lines of what Joe was saying might be possible, if it's going to adopt that. That's fine. But it's not what Mr Zimmerman did. Instead, Mr Hicks, you just mentioned a 14 day. There's no rule that would impose that you just borrowing that from 54 day 54 d is the only rule we have. That is, there's no appellate rule that talks about asking for fees. The only but reasonable time would be seems to be a more likely thing we would adopt rather than pulling something out of the trial rule. Well, Your Honor, if that's the case, that defeats the very reason that rule 54 was amended after the white versus New Hampshire case back in 1988 which said it's kind of open ended about when you do it. They said the rule federal district rules said we we need some guidance. We need specificity on the deadline. So it's just not left open. Well, that makes sense to have that trial rule FRCP rule for trial fees, you'll, you'll, I assume, acknowledge, given your personal extensive appellate experience. Once you start the appeal process, who knows right there's going to be an appeal to the Fifth Circuit. Potential repetition of potential cert grants. I can at least understand why we might not have a rule, frankly, we probably should write a rule that's that's beyond this case, of course, but at least it's understandable that when you have a Fifth Circuit ruling. That's not the end of the road, you might have additional appellate fees. One option is to have a piecemeal you know multiple appellate fee applications, but it may make more sense just to wait until the end of the process is that wouldn't that be sort of within the contemplation of our court. I don't think it has been within the contemplation of your court, it could be and I agree with your honor that if this is going to be a separate process from the rule 54 process in terms of appellate fees if the federal courts are going to establish a rule like that, which I don't think has ever been established. I can't find any authority for that that has been established as a common law matter, but if it's going to happen. Yes, I can see being an amendment to the Federal Rules of Appellate Procedure saying, hey, if you come up here on appeal. And you have to want to seek appellate fees and you didn't seek them timely below or provide a fair estimate under Rule 54 then here's the rule about how you do it. But that is not what happened here. Anyway, even under any conceivable basis that I can think of for developing a rule like that, whether it's made in without there being an actual written rule on it, or whether there's a new rule written. I cannot see any way that Mr Zimmerman would be able to meet a reasonable rule like that because he has waited. Now it's six years, I believe. What do you make of the fact that, as I understand it, please correct me if I'm wrong, Mr Zimmerman waited until after not just the Fifth Circuit appeal, but also the cert petition, and that that was reasonable to wait that long because let's see if there are more appellate fees, a potential successful And that way there's only one appellate fee application rather than multiple. If I understand correctly, he did file right after the cert petition was denied. He did, but that's because we issued, we had entered into a joint motion and there was a joint agreed order to the district court, not to this court, to the district court that said he can wait until the end of that process to claim fees, but I want I guess what I'm asking is, is it, does that sound reasonable that he didn't want to do it right away? I acknowledge your point that he could have sought fees from us after the Fifth Circuit ruling or after the Fifth Circuit en banc ruling, but instead he waited till the cert petition to provide one coherent appellate fee application. And once that was clearly over when the cert was denied, he was then diligent in pursuing a fee application at that time, in the wrong court perhaps, but, but that's a different issue. I want to just one piece of your question. I don't think he could have sought fees here, but under the process we're talking about, it's possible he could, he at least physically could have filed a motion. I'm sorry, I want to clarify, because I want to make sure I understand your point. Why, why was he not allowed to seek fees in our court? Because he waited too long below and he had that chance. But this goes back to the discussion I believe that you and I had, that it might make sense somehow to have a rule like that for this court. I don't think there is a rule, but there might make sense. But anyway. Let's say the rule is, you're right, we could write a rule that's a hypothetical future rule. Right now there is no rule one way or the other. It's just very unhelpful to lawyers at this point. Reasonable diligence is not an unreasonable thing for a court to read into the silence in the rules. If we were to do that, is there any reason to think that Mr. Zimmerman was not reasonably diligent? Yes. I mean he, the diligence failed at the beginning, because there is a rule one way or the other. It's Federal Rule of Civil Procedure 54, and it's too late. But I'm now coming to the territory that you were working from, which is at the Fifth Circuit level. I don't accept the premise that there's not a rule one way or the other, but assume there isn't one that governs, that Rule 54 doesn't govern here. He could have, yes, he could have, and it might make some sense. That's the reason, in part, and also because I didn't want to have to review the details of his fee request at that time, which is one of the, as everybody knows, one of the most onerous tasks that a lawyer can have. I totally agree. Because of that, we reached an agreement, but it was not an agreement in this court. It was an agreement in the district court, and it specifically said this, Your Honor, which is something that Mr. Zimmerman keeps sliding past. It said in Paragraph 5, this is on Rule Record page number 868, Plaintiff Zimmerman and Defendant City of Austin disagree on the question of whether Plaintiff Zimmerman has waived his opportunity to recover fees and on the issue of whether this court has jurisdiction on remand to consider a fee request from him. That was specific, and it was at the district court level. He filed nothing here. We didn't file a similar kind of agreement for him to file something at the Fifth Circuit level. It was only at the district court level, and the issue of jurisdiction and waiver was specifically reserved. And the district court in Paragraph 3 of the joint agreed order, which the judge signed at page 872 of the record, said nothing in this order is intended to resolve in any way any issues about timeliness and jurisdiction on remand concerning attorney fees. And so we go back. Mr. Zimmerman has never filed a motion in this court for attorney fees, never. He made a request to this court the first time through that this court remand the issue of fees to the district court, and this court declined. So it may be that there could be a rule developed federal of appellate procedure blank, blank, blank after the close of judgment to file a request for fees within X number of days, which would be consistent with reason they put the time period in Rule 54. It may be, but let me stop you there. You keep talking about a rule, which certainly would be helpful, I guess, if it's worded clearly enough. But we certainly have case law in the Fifth Circuit, do we not, where we have acknowledged attorneys fees requests on appeal and have remanded those to district court for determination. So we at least have a process that has been recognized here. And there are even references in our local rules for submitting billings to us. So it may not be a comprehensive or explicit rule, but there is a process where we recognize this. So taking that, I see the nodded head. I'll take that if you're aware of that. Taking that as a process, it seems like what you're seeking is a placeholder almost in district court under 54D within 14 days. And then the rest of this maybe is more legitimate. A placeholder with request maybe for estimated fees on appeal. Well, he didn't do that. And I don't know about these cases where such a placeholder existed in those cases. So I don't know why you're taking the position sort of inconsistent with at least some of our case law that you can file here. Do you want to help me with that? What's what's wrong with accepting the case law that we have already that you can could not you. I think the person I see on the screen next to you could have done that and then move on from there that he didn't do that. Well, Your Honor, frankly, I'm aware of the case law. What I'm not aware of is the details of each of the cases. For instance, had there been a timely request for fees of some sort at the district court level before this court said, OK, now you're asking for appellate fees. We'll we'll acknowledge you're entitled to appellate fees. We'll send it back. Don't know about the timing of that issue. I also don't know. I'm not aware, Your Honor, whether those cases in which that happened. I just haven't. There was no briefing on it from Mr. Zimmerman. So I haven't looked at it in detail, but there was I'm not aware of whether any of those cases, Your Honor, just referenced were before the federal rules committee and the Supreme Court changed Rule 54 to say we've got a problem with open ended deadlines or non no deadlines for seeking fees. And so I don't know, for instance, if that request for fees that Your Honor was referencing at the appellate level happened within 14 days of the judgment of this court. So I just don't know the answer to that because I haven't read each of those because I didn't need to. I didn't think for purpose of this argument. But what whatever I want to make sure I've heard you correctly earlier. The city is not prejudiced if if you were to get a fee application in our court for appellate fees at this time, of course, we are premise of your earlier discussion about the motion and and not wanting to look at fees right now when the case is still pending all very reasonable for an attorney. You'd rather see one application fee rather than one fee application rather than two. There's no prejudice here that that's not true. Your Honor, that's not correct. Rather, we are prejudiced because if we're to learn now, many years later that he can ask for fees at any point, even now, then that if we had known that was the rule back four years ago, it would allow us to assess whether we wanted to agree to the appellate fees at that level before more accumulate. That's not true for any reason. So, yes, we're definitely prejudiced. If that's if the rule is, I'm sorry, when did you, when did you all agree to this? Pardon my ignorance of the record. When was this joint motion agreeing to postpone fee discussions entered May 19th, May 9th, 2018. So, that was more than two years ago. Yes. Not long after the denial. No, I honestly, your honor. I can't remember if it's right. I think it was. Yes, I think it was right after the denial. Yes. Right. So, at that time, there's obviously a contemplation that there'll be a fee application, but both sides agree. Let's just not talk about it right now. Seems like you're doing a petition. Let's just do this later. Well, yes, but that's two. That's over two years ago, your honor. And if you and so if the rule had been you can do within 14 days of the merits ruling where you if you're going to have a rule, that's the time to ask for appellate fees. Yes, we're prejudiced because we can't evaluate whether it's worth the effort to fight over those fees. I'm sorry to interrupt. I want to make sure I understand your point. You're saying that the May 2018 joint agreement to postpone discussion of fees is not relevant because it was two years ago. I'm not sure I understand. No, I'm saying that it was two over two years ago, and you would ask if we're prejudiced if he gets to ask for appellate fees. Now, I guess here's where I'm going with this. Here's where I'm going with this. You all agree post en banc pre-cert petition to not do fees right now. I presume it's because a cert petition is coming. So let's at least, you know, on the off chance the court grants cert. The court then denies cert, as it usually does. And at that time, if I understand, Zimmerman immediately filed a fee application in the wrong court, as I understand it, at least in a court where the rules didn't provide for it. But Zimmerman did file fees shortly after the cert was denied. Is that correct? Christmas Eve 2018. Okay, so that was, pardon my ignorance, I assume that was proximate to the cert denial. The cert denial, I believe, was in October, but I don't remember, honestly. It could have been November. Okay. I think your point, then, is what he should have done was instead of seek fees in the district court, as he did, he should have sought fees here at that time. Is that your point? No. No, Your Honor. He should not have been able to obtain fees anywhere because there was a waiver and no jurisdiction. But if he's going to... It sort of seems like a trick then you're playing, because you agreed in the... Well, let me just make my point. You agree in June of 2018, or May of 2018, pardon my ignorance, you agree to postpone appellate fee discussion. And then by the time cert's denied, you're saying he's not allowed to file in either district court or in the Court of Appeals? We've always said that, even in May of 2018. In that document, we said, if you're going to seek fees, fine. We're willing to wait. But by the way, we question whether you've already waived those fees. We question whether there's any jurisdiction to concede. So we didn't agree... Oh, I see. Okay. You preserve that objection in the joint agreement? In the joint agreement, quite specifically, that's paragraph five on page 868. And then Judge Yackel specifically said, nothing in allowing this new timeline to happen, nothing resolves any issues about timeliness and jurisdiction. So that was all reserved. So fair enough. It was reserved. What is your theory then? He should have filed right after the panel decision and before en banc? Either one. He didn't do either. I don't know. What's the authority you would cite that, again, going back to your point that it's unpleasant for attorneys to have to review fee applications, what's your authority for the proposition that appellate fees must be done at every stage, rather than one global fee application once the entire appellate plus cert process is over? Rule 54 D2B. D2B. And subpart three specifically allows for a fair estimate. It allows for it. It doesn't require it. And certainly doesn't even mention the appeal. It does require it. It doesn't mention the appeal or cert at all, let alone say you've got to do it at each stage. You can't wait for one holistic appellate application. Right. But it contemplates this very situation. It is a command. It's not permission. It says the motion has to be filed within 14 days and it must, must state the amount sought or provide a fair estimate of it. And the amount sought under Mr. Zimmerman's theory is included appellate fees. And he did not provide a fair estimate of it, nor did he ask the court, may I remind your honors, for more time to do this or to reserve the issue of appellate fees until the details could be determined after the completion of the appeal. So for those circuits, for those circuits that have not our circuit, but for the various circuits that have adopted local rules providing for appellate fee requests, are those inconsistent with FRCP 54? I think they can compliment it because at that point, and I don't know each of the federal appellate rules, so I can't say if they're in conflict, but I can, I would, I would envision those saying, imagine those saying I've glanced at them. I know you're asking a question, but after this, your time is expired. Okay. Your honor. I could see them being consistent because they can say, okay, now you, instead of just providing a fair estimate, as you should have requested at the district court required. Now at the appellate level, you actually know what they were. You can provide the timesheets. So, so that, that would make sense. That would reconcile the two under my theory that 54 D to B three does address this situation. Thank you. Thank you. Thank you. Now we are. Okay. Yeah, four minutes on the phone. Yes, your honor. Thank you. So, just so to pick up on this, this, this supposed interpretation of rule 54 where Mr Hicks left off. First of all, again, it entirely ignores the specific documentation of time expended and hours expended requirement in the local rule. But setting that so that that issue alone is dispositive on this issue you cannot file an estimate. I think he's, I think he's addressed your point he's saying that that is essentially in conflict with the FRC P. So, the local rules are simply not not valid in that respect. Well right and and to that point I would say that's just refuted by the binding decisions of this court, the, the local rules constitute orders that under rule 54, which content were contemplated rule 54. A local court order, including a local rule can change the requirements of rule 54, and that's done in various districts. Sometimes the deadlines are extended to 30 days instead of the 14 so it can actually conflict that's not that's not questionable under Fifth Circuit precedent. The so but going back so but setting aside the local so I think the local rule is dispositive on the issue of an estimated appellate fee request you can't file one consistent with the local rule in the Western District, but setting that aside. The interpretation that the extending rule applying rule 54 is deadline to an estimated appellate fee request as Austin is requesting also is contrary to the text and the policy of rule 54 itself, because rule 54 requires that you one of the requirements in that list of requirements is that you, you file it within 14 days and you specify the judgment quote unquote specify the judgment entitling the movement to the award. You're not entitled as a civil civil rights plaintiff under rule section 1988, you're not entitled to prevailing party fees on appeal until you are the prevailing party after the appeal your status as a prevailing party in the trial court is up for grabs in the Court of Appeals, it could change or be reversed and so you know and sometimes it's that happens. So, you're not a prevailing party, you're not able to there's no appellate judgment entitling you to appellate fees. Before the appeal happens, and so the text of the rule simply is inconsistent with Austin's argument. Also the policy animating rule 54 does not apply to a prospective appellate fee request you can't the end in white the Supreme Court said would spark the the adoption of rule 54 the Supreme Court said it'd be great if you could. If the district court could hear and decide appellate fee matters, so that they could potentially be merged with the merits appeal and all decided in one appeal, but that can never happen if you have an estimated appellate fee request you can't merge that in the same way to merge it so that it can all be decided within the same appeal that necessarily has to come after that. So rule 54 just doesn't speak to this. And that's why as your honor noted that we, as we noted in our filings, the various circuits have adopted their own rules. Just a few points to clean up or to finish off your your honors on the issue of the lack of a mention of fees and the remand. Again, Sprague and United Industries this circuits decision in United Industries in 1996 are dispositive on that issue, I'll leave it at that if you read Sprague's discussion of jurisdiction. There was an affirmance with no change in the in the in the district courts decision and same situation we have here, the Fifth Circuit clearly held, there was no issue. It wasn't required to mention the fees in the in the circuit courts mandate. You've expended your time, sir. Okay, thank you, your honor. Thank you, counsel. The case will be submitted.